IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-151

 No. COA20-470

 Filed 20 April 2021

North Carolina Industrial Commission, No. 18-9698

SHARON CASH WEST, Wife of Keith West (Decedent), JESSICA WEST HAYES,
Adult Daughter of Decedent, RAYMOND WEST, Adult Son Decedent, and
SHANNON STOCKS, Plaintiffs,
 v.

HOYLE’S TIRE & AXLE, LLC, Employer,

and

TRAVELERS INDEMNITY COMPANY, Carrier, Defendants,

 Appeal by plaintiffs and defendants from opinion and award entered 8

November 2019 by the North Carolina Industrial Commission. Heard in the Court

of Appeals 14 April 2021.

 Teague Campbell Dennis & Gorham, LLP by Luke A. West, for Defendants-
 Appellants, Cross-Appellees.

 Hemmings & Stevens, PLLC by Kelly A. Stevens, for Plaintiff-Appellee, Cross-
 Appellant Jessica West Hayes.

 Cloninger Law Offices, PLLC by D. Randall Cloninger, for Plaintiff-Appellee,
 Cross-Appellant Raymond West.

 Amy Berry Law, PA by Amy Berry, for Plaintiff-Appellee, Cross-Appellant
 Sharon Cash West

 -1-
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 Mast Mast Johnson Wells & Trimyer, by Charles Mast, for Plaintiff-Appellee,
 Cross-Appellant Shannon Stocks.
 CARPENTER, Judge.

 I. Factual & Procedural Background

¶1 Keith West (“Decedent”) was employed by Hoyle’s Tire & Axle at the time of

 his death and was killed in a work-related accident. Defendant-Employer Hoyle’s

 Tire & Axle, LLC (“Hoyle’s Tire”) and its workers’ compensation insurance carrier

 Defendant-Carrier Travelers Indemnity Company (“Travelers”) (collectively,

 “Defendants”) admitted compensability for death benefits. Decedent’s adult

 daughter, Plaintiff Jessica West Hayes (“Plaintiff Hayes”), Decedent’s adult son

 Raymond West (“Plaintiff West”), Decedent’s estranged wife Sharon Cash West

 (“Plaintiff Cash West”), (collectively, the “Family Members”), and Decedent’s alleged

 girlfriend or fiancé Shannon Stocks (“Plaintiff Stocks”) (collectively, “Plaintiffs”) all

 asserted death benefit claims under the North Carolina Workers’ Compensation Act.

 Although Plaintiff Stocks admits she was not married to Decedent, Plaintiff Stocks

 claims she was cohabitating with and partially dependent upon Decedent for certain

 expenses.

¶2 On 2 April 2018 Defendants filed a Form 33 request for hearing in this matter

 seeking “to determine the proper beneficiaries in this claim.” On 22 January 2019,

 Plaintiff Hayes filed a motion to dismiss and for attorneys’ fees and sanctions.
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 Plaintiffs West and Cash West joined the motion. The motion to dismiss and for

 attorneys’ fees and sanctions requested dismissal of Plaintiff Stocks’ claim to benefits,

 averring Plaintiff Stocks had no standing to make a claim pursuant to N.C. Gen. Stat.

 § 97-39 (2019). The 22 January 2019 motion also sought “costs, including reasonable

 attorney fees and sanctions pursuant to N.C. Gen. Stat. § 97-88.1 for [Plaintiff

 Stocks’] making and defending a claim without reasonable grounds.” On 6 February

 2019, the matter was set before Deputy Commissioner J. Brad Donovan (“Deputy

 Commissioner Donovan”) for a motions hearing with all parties appearing through

 counsel.

¶3 At the 6 February 2019 hearing, Deputy Commissioner Donovan noted the

 entry of a pretrial order that contained stipulations and then read the stipulations

 into the record. Although the Family Members’ 22 January 2019 motion to dismiss

 and for attorneys’ fees and sanctions averred Plaintiff Stocks had no standing to make

 a claim and “[did] not qualify as a person within the purview of the Workers’

 Compensation Act who can make a claim,” the stipulations entered into by the parties

 in connection to the 6 February 2019 hearing included: “[t]he parties are properly

 before the Commission” and “[t]he Commission has jurisdiction of the parties and the

 subject matter of the claim.”

¶4 At the 6 February hearing, Deputy Commissioner Donovan granted the Family

 Members’ motion to dismiss and motion for attorneys’ fees and sanctions. Deputy
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 Commissioner Donovan also requested counsel representing the Family Members

 submit an accounting of the time they spent defending Plaintiff Stocks’ claim for

 consideration under N.C. Gen. Stat § 97-88.1. Deputy Commissioner Donovan

 further indicated the Family Members had reached an agreement and directed them

 to submit a consent order. On 6 February 2019, after the hearing, Plaintiff Stocks,

 in response to the motion for attorneys’ fees, filed a motion for an offer of proof seeking

 admission of all discovery responses produced in the matter to date, ostensibly to

 illustrate the amount of time spent by the parties on discovery.

¶5 On 15 February 2019, Deputy Commissioner Donovan filed an order

 dismissing Plaintiff Stocks’ claim and denying her motion for an offer of proof. The

 15 February Order stated, “[t]he parties have indicated ... they have reached an

 agreement regarding the distribution of funds in this matter.” On 22 February 2019,

 Deputy Commissioner Donovan entered an order executed and submitted by

 Defendants and the Family Members as previously directed (“Consent Order”). The

 terms of the Consent Order divided equally Decedent’s workers’ compensation death

 benefits among the Family Members. A full evidentiary hearing was not held to

 establish the underlying facts of the matter.

¶6 Plaintiff Stocks filed appeals on 20 February 2019 and 27 February 2019 from

 all three of Deputy Commissioner Donovan’s orders, including the Consent Order.

 Notwithstanding Plaintiffs Stocks’ pending appeals, on 8 March 2019, Defendants
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 paid the death benefits to the Family Members pursuant to the Consent Order. Thus,

 Defendants paid the death benefits knowing Plaintiff Stocks’ appeals were pending

 with the Full Commission.

¶7 On 10 July 2019, the case was heard before the Full Commission. On 8

 November 2019, a divided Full Commission issued its opinion and award. The

 majority found Defendants had not met their burden to be dismissed from the case

 because they “were aware that Plaintiff Stocks had appealed Deputy Commissioner

 Donovan’s Orders and that these appeals were pending before the Full Commission

 when Defendants paid the benefits to the other claimants.” In denying Defendants’

 motion, the Full Commission majority held:

 Defendants’ interest in avoiding the additional litigation
 engendered by appellate review does not outweigh Plaintiff
 Stocks’ right to appellate review of the Deputy
 Commissioner’s decision. Allowing Defendants to
 discharge their obligation and be dismissed from the case,
 notwithstanding the pending appeal, would render
 Plaintiffs’ issues on appeal moot and undermine Plaintiffs’
 right to appeal to the North Carolina Court of Appeals by
 relegating such appeal to a mere request for an advisory
 opinion. In the present case, Defendants prematurely paid
 the death benefits to certain Plaintiffs knowing that the
 issue of Plaintiff Stocks’ entitlement to benefits under the
 Act was pending review by the Full Commission and is
 subject to potential further appeal to the higher courts.
 Thus, Defendants’ Motion to Dismiss Defendants is
 DENIED.
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

¶8 On the issue of Plaintiff Stocks’ standing, in its conclusion of law Number 2,

 the Full Commission concluded Fields v. Hollowell was binding on the Commission,

 and that because no evidentiary hearing was held, the issue of whether Plaintiff

 Stocks should have the opportunity to prove factual dependence was a question of

 law. See Fields v. Hollowell & Hollowell, 238 N. C. 614, 78 S.E.2d 740 (1953).1

 Accordingly, the Full Commission concluded that under Fields, Plaintiff Stocks could

 not possibly be a factual dependent of Decedent under N.C. Gen. Stat. § 97-39.

¶9 Deputy Commissioner Loutit dissented from the majority only on its ruling on

 Defendants’ motion to dismiss and would have dismissed and discharged Defendants

 from further obligations in the matter. He stated:

 In this tragic matter, defendants accurately identified and
 correctly compensated all claimants in accordance with
 controlling and well-established North Carolina law and
 N.C. Gen. Stat. §§ 97-39 and 97-48. Defendants tendered
 payment in good faith to proper dependents and heirs of
 the decedent in accordance with a Consent Order filed on
 February 22, 2019. Under the long-standing laws of this
 state with respect to dependency, there has never been a
 genuine issue as to the proper dependents and payees.
 Specifically, under Fields v. Hollowell . . . , plaintiff Stocks
 currently cannot possibly be a factual dependent of
 decedent-employee . . . .
 Although any party or attorney may express aspirational
 interests in using a legal vehicle such as the tragic instant

 1 In Fields v. Hollowell & Hollowell, the North Carolina Supreme Court held a woman

 cohabitating with a decedent-employee at the time of his death as his common law wife is not
 entitled to any compensation or the opportunity to prove factual dependence under N.C. Gen.
 Stat. § 97-39.
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 matter to change laws in the hopes that the judicial system
 may ultimately embrace her cause, these intentions should
 not delay the swift, certain, and accurate compensation of
 legal claimants as contemplated by the Workers’
 Compensation Act currently in full force and effect. (Id.).

¶ 10 Between 6 December and 9 December 2019, all parties filed notices of appeal

 to this Court.

 II. Jurisdiction

¶ 11 Jurisdiction lies in this Court as a matter of right over a final judgment from

 the North Carolina Industrial Commission pursuant to N.C. Gen. Stat. § 7A-29(a)

 (2019).

 III. Issues

¶ 12 The issues before this Court are (1) whether the Industrial Commission erred

 in denying Defendants Hoyle’s Tire and Travelers’ motion to dismiss; (2) whether the

 Industrial Commission erred in denying sanctions in the form of attorneys’ fees

 against Plaintiff Stocks pursuant to N.C. Gen. Stat. § 97-88.1; and (3) whether the

 Industrial Commission erred in dismissing Plaintiff Stocks’ claim to death benefits

 and thereby denied her the equal protection of the law.

 IV. Standard of Review

¶ 13 Appeals from the Industrial Commission are reviewed by the Court of Appeals

 which must determine “whether any competent evidence supports the Commission’s
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 findings of fact and whether the findings of fact support the Commission’s conclusions

 of law.” Deese v. Champion Int’l Corp., 352 N.C. 109, 116, 530 S.E.2d 549, 533 (2000).

 “When the Commission acts under a misapprehension of the law, the award must be

 set aside and the case remanded for a new determination using the correct legal

 standard.” Ballenger v. ITT Grinnell Indus. Piping, Inc., 320 N.C. 155, 158, 357

 S.E.2d 683, 685 (1987).

 V. Analysis

 A. Motion to Dismiss

¶ 14 Defendants Hoyle’s Tire and Travelers contend the Industrial Commission

 erred in denying their motion to dismiss because they tendered payment of the full

 balance of workers’ compensation benefits pursuant to the Consent Order in good

 faith. We disagree.

¶ 15 N.C. Gen. Stat. § 97-48(c) provides,

 (c) Payment of death benefits by an employer in good faith
 to a dependent subsequent in right to another or other
 dependents shall protect and discharge the employer,
 unless and until such dependent or dependents prior in
 right shall have given notice of his or their claims. In case
 the employer is in doubt as to the respective rights of rival
 claimants, he may apply to the Industrial Commission to
 decide between them.

 N.C. Gen. Stat.§ 97-48(c) (2019). Defendants cite the 1955 North Carolina Supreme

 Court case Green v. Briley, which interprets N.C. Gen. Stat. § 97-48(c), and states:
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 “for those who pay [workers’ compensation claims] in good faith, a modicum of legal

 protection against recurring demands is rightly provided.” Green v. Briley, 242 N.C.

 196, 201, 87 S.E.2d 213, 216 (1955). In order to determine whether a party has acted

 in good faith in a settlement, the court must examine the totality of the circumstances

 and consideration of all relevant facts. Brooks v. Wal-Mart Stores, Inc., 139 N.C. App.

 637, 646, 535 S.E.2d 55, 62 (2000).

¶ 16 In Green, based upon all evidence before it at the time, the Industrial

 Commission entered an order directing the payment of workers’ compensation death

 benefits to the mother of the decedent. The evidence before the Commission

 regarding dependents included: (1) investigative statements obtained by the workers’

 compensation carrier from the decedent’s mother, as well as a family member who

 was living with the decedent at the time of his death, to the effect the decedent was

 not married and had no children, and (2) stipulations by the parties the decedent was

 not married and had no children. The order in Green was not appealed. The Supreme

 Court determined the workers’ compensation carrier acted in good faith in paying the

 dependent mother and was excused from having to make an additional payment to

 the widow. Id. at 201, 87 S.E.2d at 216.

¶ 17 The present case was properly distinguished from Green by the Industrial

 Commission majority’s order. The facts and circumstances surrounding Defendants’

 payment of benefits in the present case are as follows. In the case at bar, a clear
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 dispute existed among the parties regarding Plaintiff Stocks’ dependency on

 Decedent. Further, the orders in the present case regarding Plaintiff Stocks’

 dependency and payment to the Family Members were appealed by Plaintiff Stocks.

 Defendants paid the Family Members after notice of appeal was filed by Plaintiff

 Stocks. Defendants acted with notice of Plaintiffs Stocks’ appeal.

¶ 18 No statutory language found in the North Carolina Workers’ Compensation

 Act exists to support a conclusion Defendants were required to pay the Family

 Members in accordance with the Consent Order notwithstanding Plaintiff Stocks’

 appeal. To the contrary, under N.C. Gen. Stat. § 97-18(e), the “first installment of

 compensation payable under the terms of an award by the Commission” does not

 “become due” until “10 days from the day following expiration of the time for appeal

 from the award or judgment or the day after notice waiving the right of appeal by all

 parties has been received by the Commission, whichever is sooner.” N.C. Gen. Stat.

 § 97-18(e) (2019). Such language indicates Defendants would not have been required

 to prematurely pay benefits to the Family Members while Plaintiff Stocks’ appeal was

 still pending.

¶ 19 Based on the foregoing, we find competent evidence exists to support the

 Commission’s finding that Defendants did not act in good faith in tendering payment

 to the Family Members such that they should have been dismissed from suit.

 B. Attorneys’ Fees
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

¶ 20 Co-Plaintiffs Family Members contend the Industrial Commission erred in

 denying sanctions in the form of attorneys’ fees against Plaintiff Stocks pursuant to

 N.C. Gen. Stat. § 97-88.1. We disagree.

¶ 21 The Family Members requested attorneys’ fees pursuant to N.C. Gen. Stat. §

 97-88.1, which provides reasonable fees may be awarded if the Industrial Commission

 “shall determine that any hearing has been brought, prosecuted, or defended without

 reasonable ground . . . .” This Court has explained the purpose of N.C. Gen. Stat. §

 97-88.1 is to “deter stubborn, unfounded litigiousness, which is inharmonious with

 the ‘primary consideration of the Workers’ Compensation Act.’” Sparks v. Mountain

 Breeze Rest. and Fish House, Inc., 55 N.C. App. 663, 664, 286 S.E.2d 575, 576 (1982)

 (quoting Barbour v. State Hosp., 213 N.C. 515, 518. 196 S.E. 812, 814 (1938).

¶ 22 A court may award sanctions when a party violates N.C. Gen. Stat § lA-1, Rule

 11 by filing pleadings not well founded in fact and warranted by existing law or a

 good faith argument for extension, modification, or reversal of the existing law.

 Bryson v. Sullivan, 330 N.C. 644, 655, 412 S.E.2d 327, 332 (1992). An award under

 N.C. Gen. Stat. § 97-88.1 is discretionary according to the Supreme Court of North

 Carolina, which has held, “the language of [N.C. Gen. Stat §] 97-88.1 clearly indicates

 that an award of attorneys’ fees is not required to be granted. Such language places

 the decision of whether to award attorneys’ fees within the sound discretion of the
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 Commission.” Taylor v. J.P. Stevens Co., 307 N.C. 392, 397, 298 S.E.2d 681, 684

 (1983).

¶ 23 The Family Members assert Plaintiff Stocks “brought [her claim] without

 reasonable ground,” entitling the Family Members to attorneys’ fees from Plaintiff

 Stocks pursuant to N.C. Gen. Stat. § 97-88.1. Plaintiff sought the opportunity to

 prove factual dependence on Decedent under N.C. Gen. Stat. § 97-39, which states in

 relevant part:

 A widow, a widower, and/or a child shall be conclusively
 presumed to be wholly dependent for support upon the
 deceased employee. In all other cases questions of
 dependency, in whole or in part shall be determined in
 accordance with the facts as the facts may be at the time of
 the accident.

 N.C. Gen. Stat. § 97-39. The plain text of N.C. Gen. Stat. § 97-39 does not dispose of

 Plaintiff Stocks’ claim, as Plaintiff Stocks could fall into the category of “all other

 cases,” allowing her to prove her factual dependency. Pairing the statute with its

 interpretation in Fields, however, specifically disposes of Plaintiff Stocks’ argument

 she could be entitled to death benefits. In Fields, our Supreme Court explained “a

 woman living in cohabitation with a man, to whom she is not married, is not within

 the purview of the term ‘in all other cases.’” See Fields, 238 N.C. at 618, 78 S.E.2d at

 743. The parties do not dispute the principle of stare decisis would operate to bar

 Plaintiff Stocks’ argument regarding her entitlement to benefits. However, the Full
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 Commission considered Plaintiff Stocks’ argument a “good faith argument for . . .

 reversal of the existing law” in Fields. We agree. Therefore, we find the Full

 Commission was not required to order sanctions against Plaintiff Stocks in

 punishment of those efforts. See Fields, 238 N.C. at 614, 78 S.E.2d at 740.

¶ 24 Competent evidence exists in the record to support the Commission’s findings

 of fact, and in turn, conclusion of law that Plaintiff Stocks’ pursuit of the issue

 questioning the interpretation of the language of N.C. Gen. Stat § 97-39 did not reflect

 “stubborn, unfounded litigiousness,” but rather represented a good faith argument to

 change the precedent set in Fields.

 C. Equal Protection

¶ 25 Plaintiff Stocks argues the Industrial Commission erred in dismissing her

 claim to death benefits and thereby denied her the equal protection of the law.

 Plaintiff Stocks contends Fields’ interpretation of N.C. Gen. Stat § 97-39

 impermissibly delineates between classes of individuals based on their marital

 status. See Fields, 238 N.C. at 614, 78 S.E.2d 740.

¶ 26 We are bound by the North Carolina Supreme Court’s holding in Fields, and

 are, thus, without authority to revisit it until otherwise ordered to do so by the North

 Carolina Supreme Court. See Fields, 238 N.C. at 614, 78 S.E.2d 740; see also Dunn

 v. Pate, 334 N.C. 115, 118, 431 S.E.2d 178, 180 (1993) (The Court of Appeals “has no

 authority to overrule decisions of [the] Supreme Court and [has] the responsibility to
 WEST V. HOYLE’S TIRE & AXLE, LLC

 2021-NCCOA-151

 Opinion of the Court

 follow those decisions until otherwise ordered by the Supreme Court.” (alterations in

 original) (quotation marks omitted)).

 VI. Conclusion

¶ 29 We find competent evidence exists to support the Industrial Commission’s

 findings that (1) Defendants did not act in good faith in tendering payment to the

 Family Members such that they should have been dismissed from suit, and (2) it was

 not required to assess sanctions in the form of attorneys’ fees against Plaintiff Stocks.

 We further hold the Industrial Commission did not err in dismissing Plaintiff Stocks’

 claim to death benefits, as the Industrial Commission is bound by precedent to

 disallow an unmarried romantic partner of a decedent the opportunity to establish

 entitlement to the decedent’s death benefits. Therefore, we affirm the decisions of

 the Industrial Commission.

 AFFIRMED.

 Judges ARROWOOD and HAMPSON concur.